## SUPREME COURT.

### Oscar O. Finney agt. Jacob Veeder.

Where the plaintiff recovers judgment in the justices court for $100, and on appeal to the county court, serves an *offer* on the defendant to *correct it, by taking* $25 *less*, which offer the defendant does not accept, the defendant cannot prove the offer in the county court for the purpose of substantiating his assertion to the jury, that the offer was evidence that *the plaintiff had no confidence in his case.*

Whether it was necessary to prove the offer in reference to the question of costs. *Dub. It seems* that the offer might be used on the adjustment of costs, without being proved in the county court.

*Albany General Term, September,* 1865.

*Before* Hogeboom, Miller *and* Ingalls, *Justices..*

This is an appeal from a judgment of the county court of Albany county, in favor of the defendant for costs. The action was commenced in the justices' court, where a judgment was rendered in favor of the plaintiff for $100 damages, besides costs. From that judgment the defendant appealed to the county court, and recovered judgment for costs. After the notice of appeal was served, the plaintiff served upon the defendant the following offer :

"ALBANY COUNTY COURT :

Oscar O. Finney
    agt
Jacob Veeder.

"To Willett & Hawley, appellant's attorneys:

"Gents: Please to take notice that the respondent offers to let the judgment herein be corrected, by deducting therefrom the sum of twenty-five dollars. July 7th, 1862.

"P. D. Niver, Respondent's Attorney."

This offer was not accepted by the appellant.

Ira Shafer, *for appellant.*
Lyman Tremain, *for respondent.*

*By the court,* Ingalls, J. The only question involved in this appeal, is whether error was committed in allowing the above offer to be given in evidence, under the circumstances, in the manner, and *for the purpose it was introduced.* The only legitimate effect of the offer, under § 371 of the Code, was upon the question of costs, and I do not think it was necessary even to prove it upon the trial to secure the benefit of that provision, as it might have been used upon the adjustment of costs. But assuming that it could properly be proved upon the trial, it does not follow that it was appropriately received upon the trial in the county court.

It appears, from the case, that it was used by the defendant for a purpose wholly unauthorized, and well calculated to prejudice the plaintiff's case. Previous to the introduction of the offer, the counsel for the defendant stated *to the jury that the offer was made because the plaintiff had no confidence in his case.* This statement was objected to by the plaintiff's counsel, on the ground that there had been no proof on the subject, and that if an offer had been made, it could not be proved to the jury. The offer was then given in evidence by the defendant, and read to the jury under the plaintiff's objection.

properly introduced to apprise the jury of its effect upon the question of costs.

If it be assumed that this position is sound, the difficulty yet remains, as the offer was not used for that purpose, neither the court nor counsel informed the jury of the proper effect of the offer. On the other hand, we must assume from the facts detailed in the case, that an erroneous impression was produced upon the minds of the jury in regard to the object of such offer, which was allowed to remain uncorrected by the court, and probably did. influence the jury to the prejudice of the plaintiff. It is said by the defendant's counsel that as the verdict was for the defendant, it is apparent that no injury resulted from the introduction of the offer, as it could only affect the amount of damages in case the plaintiff prevailed in the action.

·I do not think that we should thus assume, as it is impossible to calculate how far the jury might have been influenced by the improper use of such evidence. An error can only be disregarded when it affirmatively appears that no possible injury could arise to the party complaining (*Worrall* agt. *Parmelee*, 1 *Comstock*, 519). I am therefore of opinion that the judgment must be reversed, and a new trial had in the county court, with costs to abide the event.